UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY -3 2010
Clerk, U.S. District and Bankruptcy Courts

Carl Musgrove, )
)
    Plaintiff, )
)
v. ) Civil Action No. 10-144 (UNA)
)
Harrison County et al., )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's pro se complaint and application to proceed without prepayment of fees. The application will be granted and the complaint will be dismissed.

Plaintiff, convicted by a Mississippi state court in 1998, is serving a fifteen-year term of imprisonment in a Mississippi prison in Leakesville, Mississippi. *See* slip. op. at 1-2 & n.1, *Musgrove v. Harrison County et al.*, Civil. Action No. 08-1504 (LG-RHW) (S.D. Miss. Sept. 8, 2009). In December 2008, Musgrove filed a civil action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Mississippi against Harrison County, its circuit court clerk, and the court reporter involved in his 1998 criminal proceeding. *See id.* at 1. That case was dismissed, after a hearing, for failure to state a claim upon which relief could be granted. *Id.* at 2-3. In December 2009, Musgrove submitted a complaint for filing in this Court, asserting § 1983 claims against Harrison County, its circuit court clerk, the court reporter, as well as his defense counsel in the 1998 criminal proceeding and the federal judge and the federal magistrate judge who presided over his Mississippi civil rights case. *See* Compl. at 4. Notwithstanding its form, the complaint appears in substance to be an attempt to raise a constitutional claim of ineffective assistance of counsel, *see id.* at 4, an inference consistent with

what he told the court in his Mississippi civil rights case, *see* slip. op. at 1-2, *Musgrove v. Harrison County et al.*, Civil Action No. 08-1504. In this Court, Musgrove does not pray for money damages, but rather to be "made whole, by truth of justice and place[d] in good medical condition." He also seeks to restore his good name. Compl. at 4.

The plaintiff does not allege any wrong doing by the defendant judges. *Id.* at 4 (referring to attachments that are not part of the record). Therefore, the claims against the judges will be dismissed. The plaintiff also does not specifically allege any wrongful conduct by Harrison County, its circuit clerk or the court reporter involved in Musgrove's criminal case, and the claims against them are therefore subject to dismissal for failure to state a claim upon which relief may be granted. Moreover, because Musgrove's civil rights complaint against those same defendants was considered and dismissed for failure to state a claim upon which relief may be granted, it is barred here by res judicata. Additionally, the claims must be dismissed on improper venue grounds. *See* 28 U.S.C. §§ 1391(b), 1406(a).

Finally, any intended claim for ineffective assistance of counsel is an attack on the prisoner's conviction. As such, it must be brought in a habeas petition. *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996).

For these reasons, the complaint will be dismissed. A separate order accompanies this memorandum opinion.

Date: April 23, 2010

United States District Judge